Filed 10/2/14  P. v. Hollis CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B255571 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA072499) |
| v. | |
| JAMAL HOLLIS, | |
| Defendant and Appellant. | |

THE COURT:[*]

Jamal Hollis (appellant) appeals from the judgment entered after the trial court denied his motion to modify his sentence.  We appointed counsel to represent appellant on appeal.  After examination of the record, counsel filed an "Opening Brief" in which no issues were raised.  On August 5, 2014, we advised appellant that he had 30 days within which to personally submit any contentions or issues which he wished us to consider.  No response has been received to date.

---

[*]  BOREN, P. J., ASHMANN-GERST, J., FERNS, J.[†]

[†]  Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

On July 6, 2004, appellant was convicted by a jury of second degree murder (Pen. Code, § 187, subd. (a)(1))[1] with the use of a firearm and the discharge of a firearm proximately causing death (§ 12022.53, subds. (b), (c) & (d)).

On August 20, 2004, the court sentenced appellant to state prison for a term of 15 years to life, enhanced by a term of 25 years to life for the discharge of the firearm.

Appellant's conviction was affirmed by this court in an unpublished opinion, *People v. Hollis*, B177623 (Oct. 26, 2005).

On December 26, 2013, appellant filed a motion requesting a modification of his sentence. Appellant sought to have the firearm enhancement stricken.

On January 6, 2014, the trial court summarily denied the motion.

In appellant's motion for modification of his sentence he contends that he was "ineligible for a violation of P.C. 12022.53." Appellant argues that section 12022.53, subdivision (e)(1) was inapplicable because no gang allegation was charged or proven as required by statute. Appellant's contention is without merit because his sentence was not enhanced pursuant to section 12022.53, subdivision (e)(1). Rather, appellant's sentence was enhanced by 25 years pursuant to section 12022.53, subdivision (d) which states in relevant part: "Notwithstanding any other provision of law, any person who, in the commission of a [specified felony] . . . , personally and intentionally discharges a firearm and proximately causes great bodily injury, . . . or death, to any person other than an accomplice, shall be punished by an additional and consecutive term of imprisonment in the state prison for 25 years to life."

We have examined the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>

---

[1] All further references to statutes are to the Penal Code, unless stated otherwise.